UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CESAR HERIBERTO CONTRERAS ROMERO, <br><br>  Petitioner, <br><br> v. <br><br> DONALD J. TRUMP; PAMELA BONDI, U.S. Attorney General; TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; and ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility, <br><br> Respondents. | Case No. 1:25-cv-11351-JEK <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Cesar H. Contreras Romero is a thirty-four-year-old Honduran national and father of two minor children with a pending asylum application. He had been detained with one of his children upon entry into the United States in May 2019 and thereafter released on his own recognizance by immigration agents. At no point had he violated any terms of that release, and he was not afforded notice or hearing regarding a change in circumstances prior to the deprivation of his liberty. Instead, on May 8, 2025, while following orders to pick up his minor child from the Chelsea, MA Police Station, Petitioner was detained by immigrant agents without notice and then forcibly separated from his child. Shortly after Petitioner's detention, the Board of Immigration Appeals issued a decision that may unlawfully restrict Petitioner's ability to access a custody redetermination hearing.

1

2. Accordingly, to remedy the violation of Petitioner's statutory and Due Process rights, this Court should grant the instant petition for a writ of habeas corpus.

3. Petitioner asks this Court to find that he was unlawfully detained and order his release.

## JURISDICTION AND VENUE

4. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

6. Venue is proper because Petitioner is detained in Plymouth, MA, in the District of Massachusetts.

## PARTIES

7. The Petitioner, Cesar Heriberto Contreras Romero, is an asylum seeker and national of Honduras presently detained by the Respondents in Plymouth, MA. Prior to his detention, he resided in Chelsea, MA with his wife, two minor children, and step-daughter.

8. Respondent Donald Trump is the President of the United States and supervises and directs the Department of Homeland Security (DHS), which has directed the detention of the Petitioner.

9. Respondent Pamela Bondi is the U.S. Attorney General at the U.S. Department of Justice, which is a cabinet-level department of the U.S. government.

10. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement ("ICE") and is responsible for ICE's policies, practices, and procedures, including those relating to the detention of noncitizens during their removal procedures.

11. Respondent Kristi Noem is the U.S. Secretary of Homeland Security and is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

12. Respondent Antone Moniz is the Superintendent of Plymouth County Correctional Facility and has immediate physical custody of the Petitioner pursuant to the facility's contract with the DHS to detain noncitizens and is a legal custodian of the Petitioner.

13. All respondents are named and sued in their official capacities.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

14. Petitioner Cesar H. Contreras Romero was born on November 10, 1990, in Honduras.

15. In 2019, Mr. Contreras Romero traveled to the U.S. to seek protection from persecution directed at him and his family. On or about May 23, 2019, Mr. Contreras Romero entered the U.S. with his then-four-year-old son.

16. ICE officials issued Mr. Contreras Romero a Form I-286 Notice of Custody Determination stating that he was detained under INA § 236 (8 U.S.C. § 1226) and was ordered released on his own recognizance. *See* Exhibit A. He was concurrently issued a Form I-862 Notice to Appear charging him as "an alien present in the United States who has not been admitted or paroled," and placing him in removal proceedings under INA § 240 (8 U.S.C. § 1229a). *See id*.

17. In the course of removal proceedings, Mr. Contreras Romero filed for asylum and his individual hearing had been set for October 2027. Mr. Contreras Romero and his family were awaiting that hearing date, had attended requisite preliminary hearings, and remained in compliance with the terms of his release on recognizance.

18. On May 8, 2025, Mr. Contreras Romero received a call that his child had been in a dispute at school and that he needed to collect his 15-year-old son from the Chelsea, MA Police

Station in accordance with Massachusetts General Law c. 119 § 67. Mr. Contreras Romero promptly appeared at the Chelsea Police Station, upon which time he was taken into custody by ICE officials.

19. His 15-year-old son, E.H.C.F., was simultaneously detained by ICE officials, forcibly separated from Mr. Contreras Romero, and placed in the custody of the Office of Refugee Resettlement in San Antonio, TX.

20. Mr. Contreras Romero was not provided any notice that his release on recognizance would be revoked or an opportunity to be heard regarding his compliance with his release on recognizance.

21. On information and belief, Mr. Contreras Romero was detained without cause and in violation of his statutory and constitutional rights by ICE agents on May 8, 2025.

22. Petitioner is now in custody at the Plymouth County Correctional Facility in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Procedural Due Process

23. The allegations in the above paragraphs are realleged and incorporated herein.

24. Mr. Contreras Romero is currently in the custody of Respondents under or by color of the authority of the United States – that is, detained in the Plymouth County Correctional Facility at the direction of DHS.

25. DHS granted Mr. Contreras Romero release on recognizance in May 2019 and placed him in removal proceedings, wherein he applied for asylum and was complying with the terms of his release.

26. On May 8, 2025, ICE officials took Mr. Contreras Romero into custody despite his

4

compliance with his release.

27. Mr. Contreras Romero was not given advance notice of his redetention, individualized reasons for his redetention, or an opportunity to contest his redetention and present evidence of compliance with his terms of release.

28. Respondents have deprived Mr. Contreras Romero of liberty without due process, in violation of Mr. Contreras Romero's procedural due process rights under the Fifth Amendment of the U.S. Constitution.

## COUNT TWO
### Violation of Substantive and Procedural Due Process

29. The allegations in the above paragraphs are realleged and incorporated herein.

30. Mr. Contreras Romero has a liberty interest in remaining together with his son.

31. He further had an interest in complying with lawful orders under Massachusetts General Law c. 119 § 67 to retake custody of his minor child from the Chelsea, MA Police.

32. The separation of Mr. Contreras Romero from his son violates substantive due process. Their arrest and separation further no legitimate purpose and no compelling governmental interest.

## COUNT THREE
### Violation of Statute and Procedural Due Process

33. The allegations in the above paragraphs are realleged and incorporated herein.

34. On May 15, 2025, the Board of Immigration Appeals issued a precedential decision that certain noncitizens who were initially detained by DHS while arriving in the United States, released, and then redetained, may be ineligible for a custody redetermination hearing before the Immigration Judge because their detention is controlled by INA § 235(b), 8 U.S.C. § 1225(b). *Matter of Q.Li*, 29 I&N Dec. 66, 69-70 (BIA 2025).

35. While Mr. Contreras Romero was initially detained in 2019 shortly after entering the United States, his I-286 Notice of Custody Determination from May 24, 2019, designated his detention as falling under INA § 236 (8 U.S.C. § 1226). *See* Exhibit A.

36. To the extent that DHS submits that Mr. Contreras Romero is precluded from a custody redetermination hearing before the immigration judge pursuant to *Matter of Q.Li*, such preclusion is a violation of procedural due process rights to a custody redetermination hearing. It is further an unlawful application of the 8 U.S.C. § 1225(b).

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Declare that the Petitioner's detention violates Procedural and Substantive Due Process as well as the Immigration & Nationality Act.

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(5) Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under the law; and

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,
Cesar Heriberto Contreras Romero,
By his attorney,

Dated: May 30, 2025

/s/ *Elizabeth Badger*

Elizabeth Badger
BBO # 663107
Political Asylum/Immigration
Representation (PAIR) Project

98 North Washington St, Ste. 106<br>
Boston, MA 02114<br>
(617) 545-3373<br>
ebadger@pairproject.org

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Cesar Heriberto Contreras Romero, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, having reviewed documentary and video evidence of the events described.

Dated this 30th day of May 2025.

/s/ *Elizabeth Badger*
Elizabeth Badger

## **CERTIFICATE OF SERVICE**

I, Elizabeth Badger, hereby certify that this document and attached Exhibit filed through the ECF system will be sent electronically to the Respondents who are registered ECF participants as identified on the Notice of Electronic Filing (NEF)

Dated: May 30, 2025                                          /s/ *Elizabeth Badger*
                                                                              Elizabeth Badger
                                                                              BBO # 663107